# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**KMART CORPORATION,**

    **Plaintiff,**

**v.**                                                         Case No.  8:08-cv-418-T-30TGW

**ACO, INC., et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorneys' Fees and to Tax Costs (Dkt. #75), Affidavit of Candace Duff and incorporated exhibits (Dkt. #78), Declaration Of Fredrick McClure and incorporated exhibits (Dkt. #77), Dale Mabry Skyways, Inc.'s Response to Plaintiff's Motion for Attorneys' Fees and to Tax Costs (Dkt. #83), ACO, Inc.'s Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees (Dkt. #88), Plaintiff's Motion for Supplemental Relief and Supporting Memorandum of Law (Dkt. #94), Affidavit of Mark Wiseman (Dkt. #95), ACO's Memorandum in Opposition to Plaintiff's Motion for Supplemental Relief (Dkt. #96), Plaintiff's Motion for Leave to File a Reply to ACO's Response In Opposition (Dkt. #97), and ACO's Memorandum In Opposition to Motion for Leave to File a Reply (Dkt. #98).  The Court, having considered the motions, affidavits, exhibits, responses, memoranda, and arguments of counsel, and being otherwise advised in the premises, concludes that Plaintiff's motion for attorneys' fees and costs should be granted in part and denied in part as stated herein.  The Court defers ruling

on Plaintiff's Motion for Attorneys' Fees Pursuant to Fla. Stat. §768.79 and Plaintiff's Motion for Supplemental Relief until a mandate is entered by the appellate court.

**Background**.

On August 28, 2008, Plaintiff Kmart Corporation ("Kmart" or "Plaintiff") filed its Amended Complaint for Declaratory Relief (Dkt. #16). The complaint contains one count requesting the following declaratory relief, in pertinent part:

> c. Enter a final declaratory decree that Kmart is not obligated to pay a minimum additional percentage rent of $58,037.79 to ACO, Dale Mabry Skyways or Tropical Gardens of Florida, Inc. in those years in which Kmart's gross sales at the Leased Property, as defined by the Lease, are less than its gross sales were in 1992;
> d. Enter a final declaratory decree that Kmart is entitled to a refund or an offset from future rents for the amounts it has overpaid to ACO for additional percentage rent.[1]
>
> * * *

Accordingly, pursuant to the allegations of Plaintiff's complaint, Plaintiff seeks a final declaratory decree from this Court stating that: (1) Kmart is not obligated under the Lease and Third Amendment to pay a minimum additional percentage rent to ACO for the years of 2003 through 2007; and (2) Kmart is entitled to a refund or offset from future rents for the amounts it has overpaid during the years of 2003 through 2007. In the complaint, Plaintiff does not request money damages, pre-judgment interest or the entry of a money judgment against any of the Defendants.

---

[1] Dkt. #16, Amended Complaint for Declaratory Relief, p. 7.

On February 20, 2009, Plaintiff served ACO with a Proposal for Settlement Pursuant to Florida Law or, in the alternative, Offer to Stipulate to Entry of Judgment Pursuant to Michigan Court Rule 2.405 ("Offer of Judgment").[2] Plaintiff's Offer of Judgment proposed to resolve Kmart's entire claim against ACO in this matter, if ACO agreed to pay Kmart $254,217.00.[3] ACO did not accept Kmart's Offer of Judgment.

On March 24, 2009, this Court entered an Order (Dkt. #72) granting Plaintiff's Motion for Summary Judgment (the "Summary Judgment Order"). The Summary Judgment Order provided the following declaratory relief:

> 4. Pursuant to the terms of the Lease and the Third Amendment, Kmart is not obligated to pay a minimum annual additional rent of $58,037.79 to ACO, Dale Mabry, or Tropical Gardens of Florida, Inc., in those years in which Kmart's gross sales are less than its gross sales were in 1992.
> 5. To the extent Kmart overpaid ACO for additional rent with respect to lease years 2003-2008, Kmart is entitled to a refund or offset from future rent. The parties shall calculate additional rent for those years as provided in this Order.[4]
> 6. The Clerk is directed to enter FINAL SUMMARY JUDGMENT in favor of Plaintiff and against Defendants.
>
> * * *

---

[2] Dkt. #75-2, Plaintiff's Offer of Judgment to ACO.

[3] Notably, the sum proposed by Kmart in its Offer of Judgment is equal to ACO's total potential exposure pursuant to the allegations of Paragraph 28 of the complaint for additional percentage rent amounts for years 2003 through 2007.

[4] In the interest of economy, the Court determined that Kmart is also entitled to a refund or offset of future rent for the year of 2008. Such claim was not included in Kmart's Amended Complaint for Declaratory Relief filed on August 28, 2008, because such additional percentage rent payment was not paid until the end of December 2008. On December 17, 2008, Kmart paid ACO a total of $58,037.79, under protest, for additional percentage rent for the year of 2008. Accordingly, Kmart made payments to ACO totaling $312,256.90, for additional percentage rent for the years of 2003 through 2008.

On March 25, 2009, an Amended Judgment In A Civil Case (Dkt. #74) was entered by the Clerk stating, "that final summary judgment is entered in favor of Plaintiff and against Defendants." No monetary damages were awarded.

On April 8, 2009, Plaintiff filed the instant Motion for Attorneys' Fees and to Tax Costs seeking attorney's fees (incurred by Plaintiff from February 20, 2009 through March 31, 2009) in the amount of $63,878.55 against ACO pursuant to the unaccepted offer of judgment served upon ACO. Plaintiff also seeks to tax costs in the amount of $8,889.84 against Defendants ACO and Dale Mabry Skyways, Inc. pursuant to Fed.R.Civ.P. 54(d)(1), as specified in 28 U.S.C. § 1920.

On April 23, 2009 and May 6, 2009, Defendants Dale Mabry Skyways and ACO, respectively filed a Notice of Appeal as to the Amended Judgment entered at Dkt. #74. Defendants' appeal is currently pending before the Eleventh Circuit Court of Appeal.

On June 5, 2009, Plaintiff filed its Motion for Supplemental Relief and Supporting Memorandum of Law seeking supplemental relief in the form of a money judgment (rather than the awarded setoff or refund) against Defendant ACO, for the amount owed by ACO to Kmart for overpayments of rent Kmart made to ACO from 2003 through 2008, plus pre-judgment interest.

**I.     Costs.**

As the prevailing party in this lawsuit, Kmart is entitled to recover its taxable costs incurred in bringing this lawsuit. See Fed.R.Civ.P. 54(d0(1). Rule 54(d)(1) states in relevant part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party

unless the court otherwise directs." The costs that may be taxed in favor of a prevailing party under Rule 54(d) are specified in 28 U.S.C. § 1920. Section 1920 provides that a prevailing party is entitled to: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or part of any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and copies of papers necessarily obtained for use in the case. 28 U.S.C. § 1920.

As the prevailing party, Kmart is entitled to recover the following costs from Defendants: fees of the clerk and marshal in the amount of $585.00, court reporter fees in the amount of $7,411.00, and copying fees in the amount of $893.84, in the total amount of $8,889.84.

**II.     Lack of Jurisdiction Pending Appeal.**

On April 23, 2009 and May 6, 2009, Defendants Dale Mabry Skyways and ACO, filed Notices of Appeal as to the Summary Judgment Order and Amended Judgment. Defendants' appeals are currently pending before Eleventh Circuit Court of Appeal. Plaintiff's Motion for Supplemental Relief was filed on June 5, 2009, well after the transmittal of the initial appeal package to the USCA. This Court did not reserve jurisdiction to continue presiding over this matter, rather this Court entered judgment and directed the Clerk to close this case.

The filing of a notice of appeal divests a district court of jurisdiction with respect to any matters involved in the appeal. Essex Builders Group, Inc. v. Amerisure Ins. Co., 2007 WL 2376036 (M.D. Fla. August 16, 2007). Plaintiff's Motion for Supplemental Relief requests that a money judgment be entered against Defendant ACO, Inc. in the amount of

$312,256.90, plus pre-judgment interest in the amount of $82,752.07 through June 4, 2009. In the complaint, Plaintiff did not request money damages, pre-judgment interest or the entry of a money judgment against any of the Defendants. Thus, the supplemental relief requested by Plaintiff is not a simple clerical mistake as contemplated by Rule 60 or amendment as contemplated by Rule 52, but rather requires a factual finding by this Court outside the allegations of the complaint and previous pleadings. Accordingly, Plaintiff's Motion for Supplemental Relief is denied without prejudice for lack of jurisdiction. Plaintiff may re-file its motion for supplemental relief in the event a decision is entered by the appellate court affirming this Court's Summary Judgment Order.

### III.  Motion for Attorney's Fees Pursuant to Florida's Offer of Judgment Statute.

Plaintiff seeks attorneys' fees incurred by Plaintiff from February 20, 2009, through March 31, 2009, in the amount of $63,878.55 against Defendant ACO only pursuant to an unaccepted offer of judgment served upon ACO on February 20, 2009.

Fla. Stat. § 768.79 provides, in pertinent part:

> (1) In any civil action for damages . . .[i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.

As discussed above, this Court did not enter a judgment for money damages in favor of Plaintiff, nor did Plaintiff request such relief within the relevant complaint or summary judgment proceedings before this Court. While it may be appropriate for this Court to grant

$312,256.90, plus pre-judgment interest in the amount of $82,752.07 through June 4, 2009. In the complaint, Plaintiff did not request money damages, pre-judgment interest or the entry of a money judgment against any of the Defendants. Thus, the supplemental relief requested by Plaintiff is not a simple clerical mistake as contemplated by Rule 60 or amendment as contemplated by Rule 52, but rather requires a factual finding by this Court outside the allegations of the complaint and previous pleadings. Accordingly, Plaintiff's Motion for Supplemental Relief is denied without prejudice for lack of jurisdiction. Plaintiff may re-file its motion for supplemental relief in the event a decision is entered by the appellate court affirming this Court's Summary Judgment Order.

### III.  Motion for Attorney's Fees Pursuant to Florida's Offer of Judgment Statute.

Plaintiff seeks attorneys' fees incurred by Plaintiff from February 20, 2009, through March 31, 2009, in the amount of $63,878.55 against Defendant ACO only pursuant to an unaccepted offer of judgment served upon ACO on February 20, 2009.

Fla. Stat. § 768.79 provides, in pertinent part:

> (1) In any civil action for damages . . .[i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.

As discussed above, this Court did not enter a judgment for money damages in favor of Plaintiff, nor did Plaintiff request such relief within the relevant complaint or summary judgment proceedings before this Court. While it may be appropriate for this Court to grant

supplemental relief in the form requested by Plaintiff in the future after the current appellate proceedings are concluded, this Court does not currently have jurisdiction to consider such proceedings at this point in time. In order for this Court to make the statutorily required determination as to whether Plaintiff recovered "a judgment in an amount at least 25 percent greater than the offer," this Court must first consider whether a money judgment should be entered in Plaintiff's favor and the dollar amount of the same. Since this is the exact issue that has been incorporated within Plaintiff's Motion for Supplemental Relief, the Court concludes that it is appropriate under these circumstances to defer ruling on this issue until the pending appellate proceedings have concluded.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Attorneys' Fees and to Tax Costs (Dkt. #75) is **GRANTED IN PART AND DEFERRED IN PART** as stated herein. The Court defers ruling on Plaintiff's Motion for Attorneys' Fee Under Fla. Stat. § 768.79 until the pending appellate proceedings have concluded.

2. Plaintiff's Motion for Supplemental Relief and Supporting Memorandum of Law (Dkt. #94) is **DENIED** without prejudice with leave to re-file as stated herein.

3. Plaintiff's Motion for Leave to File a Reply to ACO's Response In Opposition (Dkt. #97) is **DENIED**.

4. The Clerk is directed to enter a **JUDGMENT AS TO COSTS** in favor of Plaintiff and against Defendants **ACO, Inc. and Dale Mabry Skyways, Inc.**, jointly and severally, in the amount of **$8,889.84**.

5. The Clerk is also directed to **ADMINISTRATIVELY CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on July 27, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-418.cost order 75.wpd