# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**KMART CORPORATION,**

    Plaintiff,

v.                                          Case No. 8:08-cv-418-T-30TGW

**ACO, INC., et al.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Amended Motion for Supplemental Relief and Supporting Memorandum of Law (Dkt. #103), Affidavit of Mark Wiseman and supporting exhibits (Dkt. #104), Plaintiff's Amended Motion for Attorneys' Fees Against ACO, Inc. And Supporting Memorandum of Law (Dkt. #105), Declaration Of Fredrick McClure and incorporated exhibits (Dkt. #106), Affidavit of Candace Duff and incorporated exhibits (Dkt. #107), ACO, Inc.'s Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees (Dkt. #108), and ACO, Inc.'s Memorandum in Opposition to Plaintiff's Amended Motion for Supplemental Relief (Dkt. #109). The Court, having considered the motions, affidavits, exhibits, responses, memoranda, and being otherwise advised in the premises, concludes that Plaintiff's amended motion for supplemental relief should be granted in part and denied in part and Plaintiff's amended motion for attorneys' fees should be denied.

## BACKGROUND

On August 28, 2008, Plaintiff Kmart Corporation ("Kmart" or "Plaintiff") filed its Amended Complaint for Declaratory Relief (Dkt. #16). The amended complaint contains one count requesting the following declaratory relief, in pertinent part:

> c. Enter a final declaratory decree that Kmart is not obligated to pay a minimum additional percentage rent of $58,037.79 to ACO, Dale Mabry Skyways or Tropical Gardens of Florida, Inc. in those years in which Kmart's gross sales at the Leased Property, as defined by the Lease, are less than its gross sales were in 1992;
> d. Enter a final declaratory decree that Kmart is entitled to a refund or an offset from future rents for the amounts it has overpaid to ACO for additional percentage rent.[1]
>
> * * *

Accordingly, pursuant to the allegations of Plaintiff's amended complaint, Plaintiff seeks a final declaratory decree from this Court stating that: (1) Kmart is not obligated under the Lease and Third Amendment to pay a minimum additional percentage rent to ACO for the years of 2003 through 2007; and (2) Kmart is entitled to a refund or offset from future rents for the amounts it has overpaid during the years of 2003 through 2007. In the amended complaint, Plaintiff does not request money damages, pre-judgment interest, or the entry of a money judgment against any of the Defendants.

On February 20, 2009, Plaintiff served ACO with a Proposal for Settlement Pursuant to Florida Law or, in the alternative, Offer to Stipulate to Entry of Judgment Pursuant to

---

[1] Dkt. #16, Amended Complaint for Declaratory Relief, p. 7.

Michigan Court Rule 2.405 ("Offer of Judgment").[2] Plaintiff's Offer of Judgment proposed to resolve Kmart's entire claim against ACO in this matter, if ACO agreed to pay Kmart $254,217.00.[3] ACO did not accept Kmart's Offer of Judgment.

On March 24, 2009, this Court entered an Order (Dkt. #72) granting Plaintiff's Motion for Summary Judgment (the "Summary Judgment Order"). The Summary Judgment Order provided the following declaratory relief:

> 4.  Pursuant to the terms of the Lease and the Third Amendment, Kmart is not obligated to pay a minimum annual additional rent of $58,037.79 to ACO, Dale Mabry, or Tropical Gardens of Florida, Inc., in those years in which Kmart's gross sales are less than its gross sales were in 1992.
> 5.  To the extent Kmart overpaid ACO for additional rent with respect to lease years 2003-2008, Kmart is entitled to a refund or offset from future rent. The parties shall calculate additional rent for those years as provided in this Order.[4]
> 6.  The Clerk is directed to enter FINAL SUMMARY JUDGMENT in favor of Plaintiff and against Defendants.

\* \* \*

---

[2] Dkt. #75-2, Plaintiff's Offer of Judgment to ACO.

[3] Notably, the sum proposed by Kmart in its Offer of Judgment is equal to ACO's total potential exposure pursuant to the allegations of Paragraph 28 of the complaint for additional percentage rent amounts for years 2003 through 2007.

[4] In the interest of economy, the Court determined that Kmart is also entitled to a refund or offset of future rent for the year of 2008. Such claim was not included in Kmart's Amended Complaint for Declaratory Relief filed on August 28, 2008, because such additional percentage rent payment was not paid until the end of December 2008. On December 17, 2008, Kmart paid ACO a total of $58,037.79, under protest, for additional percentage rent for the year of 2008. Accordingly, Kmart made payments to ACO totaling $312,256.90, for additional percentage rent for the years of 2003 through 2008.

On March 25, 2009, an Amended Judgment In A Civil Case (Dkt. #74) was entered by the Clerk stating, "that final summary judgment is entered in favor of Plaintiff and against Defendants." No monetary damages were awarded.

On April 8, 2009, Plaintiff filed a Motion for Attorneys' Fees and to Tax Costs seeking attorney's fees (incurred by Plaintiff from February 20, 2009 through March 31, 2009) in the amount of $63,878.55 against ACO pursuant to the unaccepted offer of judgment served upon ACO. (Dkt. #75). Plaintiff also requested that the Court tax costs in the amount of $8,889.84 against Defendants ACO and Dale Mabry Skyways, Inc. pursuant to Fed.R.Civ.P. 54(d)(1), as specified in 28 U.S.C. § 1920.

On April 23, 2009 and May 6, 2009, Defendants Dale Mabry Skyways and ACO, respectively filed a Notice of Appeal as to the Amended Judgment entered at Dkt. #74. (Dkts. #82 and 87). On June 5, 2009, Plaintiff filed its Motion for Supplemental Relief and Supporting Memorandum of Law seeking supplemental relief in the form of a money judgment (rather than the awarded setoff or refund) against Defendant ACO, for the amount owed by ACO to Kmart for overpayments of rent Kmart made to ACO from 2003 through 2008, plus prejudgment interest. (Dkt. #94).

On July 27, 2009, the Court awarded Plaintiff costs in the amount of $8,889.84 against Defendants ACO and Dale Mabry Skyways, Inc. and deferred ruling on Plaintiff's motion for attorneys' fees pursuant to Fla. Stat. §768.79 and Plaintiff's motion for supplemental relief until a mandate was entered by the appellate court. (Dkt. #99). Dale Mabry Skyways, Inc. and ACO subsequently filed motions to dismiss their appeals, which were granted by the

Eleventh Circuit. (Dkts. #101 and 102). Plaintiff subsequently filed the instant amended motions for attorneys' fees and supplemental relief.

**DISCUSSION**

**I.    Plaintiff's Amended Motion for Supplemental Relief**

Plaintiff seeks supplemental relief in the form of a money judgment and prejudgment interest against ACO in the total amount of $403,084.56. Importantly, as discussed above, the Court did not enter a judgment for money damages in favor of Plaintiff, nor did Plaintiff request such relief within the relevant amended complaint or summary judgment proceedings before the Court. The Court ruled that Plaintiff was entitled to the rent it overpaid ACO with respect to lease years 2003-2008, and only discussed 2008 rent in the interest of judicial economy. Simply put, the amended complaint was not an action for damages.

However, the Court acknowledges that in a declaration action, a court can award supplemental relief in the form of money damages. This does not mean, as Plaintiff suggests, that prejudgment interest is mandatory. The cases Plaintiff relies upon to argue this point are not factually similar to this case. Thus, whether the Court awards prejudgment interest is within the Court's discretion.

Accordingly, the Court will grant Plaintiff's motion for supplemental relief in part. The Court concludes that it should exercise its discretion to award Plaintiff supplemental relief in the form of a money judgment against ACO in the amount of $312,256.90, which represents the additional rent Plaintiff paid ACO for years 2003-2008. Notably, although Plaintiff's amended complaint related to rent it had overpaid during the years of 2003-2007,

the Court is including the rent Plaintiff overpaid in 2008, so that Plaintiff does not have to file a separate lawsuit to recover this amount.

The Court concludes that under the facts of this case it would not be appropriate to award Plaintiff prejudgment interest. The Court cannot reiterate enough times the importance of the fact that Plaintiff's action was not an action for damages. Plaintiff's amended complaint requested that this Court make a ruling on whether Plaintiff was obligated to pay minimum additional percentage rent and whether Plaintiff was entitled to a refund for rent it overpaid to ACO. The Summary Judgment Order did not liquidate Plaintiff's damages and did not determine the date of loss. The Court now enters judgment on Plaintiff's damages only in the interest of judicial economy, so that Plaintiff does not have to file another lawsuit. Accordingly, Plaintiff's request for prejudgment interest is denied.

## II.     Plaintiff's Amended Motion for Attorneys' Fees

Plaintiff seeks attorneys' fees against Defendant ACO pursuant to an unaccepted offer of judgment served upon ACO on February 20, 2009.

Fla. Stat. § 768.79 provides, in pertinent part:

> (1) In any civil action for damages . . .[i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.

It is axiomatic that the proposal must "identify the claim or claims the proposal is attempting to resolve." Fla. R. Civ. P. 1.442(c). Here, Plaintiff's proposal was for "a refund of or offset

the Court is including the rent Plaintiff overpaid in 2008, so that Plaintiff does not have to file a separate lawsuit to recover this amount.

The Court concludes that under the facts of this case it would not be appropriate to award Plaintiff prejudgment interest. The Court cannot reiterate enough times the importance of the fact that Plaintiff's action was not an action for damages. Plaintiff's amended complaint requested that this Court make a ruling on whether Plaintiff was obligated to pay minimum additional percentage rent and whether Plaintiff was entitled to a refund for rent it overpaid to ACO. The Summary Judgment Order did not liquidate Plaintiff's damages and did not determine the date of loss. The Court now enters judgment on Plaintiff's damages only in the interest of judicial economy, so that Plaintiff does not have to file another lawsuit. Accordingly, Plaintiff's request for prejudgment interest is denied.

## II.     Plaintiff's Amended Motion for Attorneys' Fees

Plaintiff seeks attorneys' fees against Defendant ACO pursuant to an unaccepted offer of judgment served upon ACO on February 20, 2009.

Fla. Stat. § 768.79 provides, in pertinent part:

> (1) In any civil action for damages . . .[i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.

It is axiomatic that the proposal must "identify the claim or claims the proposal is attempting to resolve." Fla. R. Civ. P. 1.442(c). Here, Plaintiff's proposal was for "a refund of or offset

for overpayments of percentage rent asserted <u>in the Amended Complaint</u>." (Dkt. #105-2).

As set forth herein, Plaintiff's amended complaint was for rent paid from 2003-2007, a point that Plaintiff acknowledges in its amended motion for attorneys' fees. (Dkt. #105, p. 5). Rent for that period of time amounts to $254,217, which is the amount reflected in Plaintiff's Offer of Judgment. Importantly, additional rent for 2008 was not at issue in the case and was only provided to Plaintiff in the interest of judicial economy. Thus, it would be improper for the Court to consider the 2008 refund in determining whether Plaintiff recovered an amount at least 25 percent greater than the offer, and without that amount, Plaintiff does not recover an amount at least 25 percent greater than the offer of $254,217.[5] Accordingly, Plaintiff's amended motion for attorneys' fees is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Amended Motion for Supplemental Relief and Supporting Memorandum of Law (Dkt. #103) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

2. Plaintiff's Amended Motion for Attorneys' Fees Against ACO, Inc. and Supporting Memorandum of Law (Dkt. #105) is **DENIED**.

3. The Clerk is directed to enter a **JUDGMENT** in favor of Plaintiff and against Defendant **ACO, Inc.** in the amount of **$312,256.90**.

---

[5] It is important to note that the Court does not make a determination on the issue of whether the offer of judgment is enforceable, because it finds that Plaintiff has not recovered a judgment in an amount at least 25 percent greater than the offer. Thus, the Court need not make that determination and will refrain from doing so.

4. The Clerk is also directed to **ADMINISTRATIVELY CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on December 4, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-418.suppreliefandfeeorder.wpd